**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-50606
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JULIO OCHOA-NAVARRO, also known as Pedro Nunes-Cuellar,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Western District of Texas
(EP-01-CR-1132-ALL-DB)**

December 31, 2002

Before BARKSDALE, DeMOSS, AND BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Julio Ochoa-Navarro was convicted of illegal reentry into the United States after deportation, in violation of 8 U.S.C. § 1326. He appeals the district court's interpretation of U.S.S.G. § 2L1.2(b)(1)(C) at his resentencing. Our court reviews _de novo_ a district court's interpretation of sentencing guidelines. _E.g.,_ _**United States v. Cervantes-Nava**_, 281 F.3d 501, 506 (5th Cir.), _cert. denied_, 122 S. CT. 2379 (2002).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ochoa contends: his prior felony conviction for possession of heroin did not merit the eight-level adjustment provided in § 2L1.2(b)(1)(C) for an "aggravated felony"; and, instead, he should have received only the four-level adjustment provided in § 2L1.2(b)(1)(D) for "any other felony". Ochoa's contentions regarding the definitions of "drug trafficking offense" and "aggravated felony" were quite recently rejected by our court in *United States v. Caicedo-Cuero*, No. 02-20751, 2002 WL 31521599, *6-*11 (5th Cir. 2002).

Ochoa further asserts § 1326(b)(2) is unconstitutional because it treats a prior conviction for an aggravated felony as a sentencing factor, not as an element of the offense. Ochoa concedes his assertion is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Id.* *Apprendi* did not overrule *Almendarez-Torres*. *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000).

*AFFIRMED*

2